ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 9 2002

at 4 o'clock and 30 min. P M
WALTER A.Y.H. CHINN, CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAG. NO. 02  0194 |
| | ) | |
| Plaintiff, | ) | CRIMINAL COMPLAINT |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD M. FABBRI, | ) | |
| | ) | |
| Defendant, | ) | |

### CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

#### Count 1

From on or about July 8, 2001, to on or about July 13, 2001, and thereafter, in the District of Hawaii, the defendant, RICHARD M. FABBRI, willfully and knowingly did steal and purloin a thing of a value of approximately $1,787.38 to the United States, to wit, the cost of shipment of the personal goods of FABBRI, which FABBRI caused to be included in the official international shipment of the personal goods of another paid for by the United States.

All in violation of Title 18, United States Code, Section 641.

#### COUNT 2

From on or about August 20, 2001, to on or about September 20, 2001, in the District of Hawaii, the defendant, RICHARD M. FABBRI, willfully and knowingly did steal and purloin a thing of a value of $579.85 to the United States, to wit, the cost of mailing of the personal goods of FABBRI, which FABBRI caused to be included in a mailing using official franked envelopes paid for by the United States.

All in violation of Title 18, United States Code, Section 641.

I further state that I am a Criminal Investigator with



the Defense Logistics Agency, and that this Complaint is based upon the facts set forth in the attached "Agent's Affidavit in Support of Criminal Complaint", which is incorporated herein by reference.

*[signature]*
EDWARD F. CLARKE
Criminal Investigator, DLA

Sworn and subscribed before me, this 9th day of April, 2002.

*[signature]*
United States Magistrate Judge
District of Hawaii

**AGENT'S AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

EDWARD F. CLARKE, after being duly sworn, deposes and states as follows:

1. I am a Senior Criminal Investigator (SCI) with the DEFENSE LOGISTICS AGENCY (DLA) and have been so employed for approximately thirteen years. I am currently assigned to the Defense Criminal Investigative Activity, Trade Security Control Team, stationed at Camp H. M. Smith, HI. I have been involved in over 1,500 theft and fraud investigations.

2. This affidavit is made in support of a Criminal Complaint against Richard M. Fabbri, for violation of Title 18, United States Code, Section 641, Theft of a thing of value to the United States.

3. Richard M. Fabbri was employed as a U.S. Government civilian employee, GS-14, Deputy Commander, at the Defense Supply Center Philidelphia (DSCP) Pacific Region Office, Pearl Harbor, HI. He subsequently retired from U.S. Government service on or about January 3, 2002.

4. On or about July 8, 2001, Richard M. Fabbri approached Donald L. Schaffer, a U.S. Government employee, GS-12 who was a supordinate employee to Fabbri at DSCP Pacific Region, Pearl Harbor, HI. Schaffer had received Permanent Change of Station (PCS) orders to Germany. Fabbri asked Schaffer if he would take a "box" of Fabbri's personal possessions to Germany in his household effects. Fabbri's wife is from Germany and Fabbri owns a home in Germany. Schaffer agreed to do so.

5. On July 8, 2001, Fabbri brought approximately 25 cardboard boxes containing his personal property to Schaffer's house house, 68-151 Au St, PH 9, Waialua, HI 96791. Fabbri told Schaffer these were the personal items he wanted Schaffer to include in Schaffer's household effects being shipped to Germany. Schaffer reluctantly accepted the items.

6. On or about July 13, 2001, the U.S. Government contracted with Coleman American Moving Services to move Schaffer's household goods from Hawaii to Germany. Fabbri's personal effects were added to Schaffer's household goods. Schaffer shipped a total of 5,560 gross pounds of personal property from Hawaii to Germany. The U.S. Government rate for shipping the property to Germany was $127.67 per 100 pounds. The total cost to ship the personal property to Germany was $5,508.96.

7. On August 28, 2001, a source who requested anonymity, reported that Fabbri had pressured Schaffer to include Fabbri's personal property in Schaffer's shipment of household goods to Germany. The source related Schaffer was upset that Fabbri had given him such a large number of boxes to take to Germany. The source reported Schaffer had complained to several other DSCP Pacific Region employees. Between August 28 and September 25, 2001, several other DSCP Pacific Region employees were interviewed and confirmed that Schaffer had said Fabbri had given him a large number of boxes to take to Germany.

8. On August 29, 2001, Mr. John P. Kahoohanohano, Inbound/Outbound Division Head, Joint Personal Property Shipping Office - Hawaii, Pearl Harbor, HI confirmed that Schaffer had shipped 5,560 gross pounds of household effects to Germany at a cost of $127.67 per 100 pounds. The total cost was $5,508.96.

9. On September 20, 2001 a DSCP employee reported Fabbri had mailed approximately 20 cardboxes and enevlopes of his personal property from Pearl Harbor, HI to Germany using U.S. Government mailing labels, to avoid paying the postage.

10. On September 5 and 25, 2001, Schaffer was interviewed by DLA Criminal Investigators in Germany. Schaffer initially denied that he had included any of Fabbri's personal property with his shipment of household goods from Hawaii to Germany.

11. On September 26, 2001, Schaffer asked to amend his previous statement and admitted that he had lied when he said he had not included any of Fabbri's personal property in his household effects. Schaffer admitted Fabbri has asked him to take approximately 25 boxes of his personal effects to Germany with his household effects, which he did. Schaffer agreed to allow the DLA Investigators to weigh and photograph Fabbri's property when it was delivered to his residence.

12. Between October 3 and 15, 2001, DLA Investigators in Germany seized 16 cardboard boxes and 8 envelopes which Fabbri had mailed to the DSCP Europe Produce Management Office, Pulaski Barracks, Kaiserslautern, Germany. All the boxes and envelopes contained U.S. Government franked mailing labels with a total value of $579.85.

13. On October 17, 2001, DLA Investigators, using a calibrated scale, weighed the property Schaffer identified as belonging to Fabbri that were included in his household effects. The total weight of the property was 1,393.5 pounds. The U.S. Government cost to ship Fabbri's property to Germany was $1,787.38 (14 times $127.67 equals $1,787.38).

   14. On December 19, 2001, the 16 boxes and 8 envelopes were released to Fabbri after he signed a release stating the items contained his personal property with a value of approximately $300 that he mailed from Hawaii to Germany.

   15. On December 19, 2001, the 25 boxes and personal items, weighing approximately 1,394 pounds Fabbri included in Schaffer's household goods, shipped from Hawaii to Germany were released to Fabbri after he signed a release stating the items were his personal property.

   16. On October 15, 2001, Fabbri declined to be interviewed by DLA Investigators in Germany.

   17. By Fabbri's actions, he stole services from the U.S. Government in the amount of $1,787.38 for shipping his personal effects from Hawaii to Germany. He also stole $579.85 in services from the U.S. Government by using U.S. Government mailing labels to falsely mail his personal effects from Hawaii to Germany.


   FURTHER AFFIANT SAYETH NAUGHT

                                   _____
                                   EDWARD F. CLARKE
                                   Criminal Investigator, DLA


Sworn and subscribed before me, this
9th day of April, 2002.

_____
United States Magistrate Judge
District of Hawaii